ARMOUR LEGAL, LLC.
Matthew W. Bartz (SBN#024972)
3317 S. Higley Rd. Suite 114-444
Gilbert, AZ 85297
Telephone: 602-550-8919
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  vs.<br><br>Jesus Guzman Guzman,<br><br>  Defendant. | Case No.: 2:24-cr-00483-PHX-SMB<br><br>DEFENDANT'S SENTENCING MEMORANDUM WITH MEMORANDUM OF POINTS AND AUTHORITIES |

Defendant, Jesus Guzman Guzman, by and through counsel, submits the following as his Sentencing Memorandum pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007). Mr. Guzman asks this Court to follow the terms of the plea agreement, and the recommendation of the Presentence Investigative Report (PSR), by sentencing him to a term of "time served" followed by 3 years of Supervised Release. The

following Memorandum of Points and Authorities is attached in support of this request.

RESPECTFULLY SUBMITTED this  9th  Day of May, 2025.

/s/ *Matthew W. Bartz*
Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S SENTENCING MEMORANDUM

## I.    Background

Jesus Guzman Guzman has accepted responsibility and entered into a plea agreement for his involvement in this case.  A summary of the facts of the case is accurately portrayed in Paragraphs 5 to 21 of the Presentence Investigative Report (PSR), an a very brief summary will be integrated in this memorandum while discussing Jesus's personal background.

Jesus Guzman is a 24-year-old United States Citizen who was born in Phoenix, Arizona.  He was raised by his parents with his older sister.  He was born with a heart disorder which eventually necessitated the installation of a pacemaker when he was only 14 years old.

Growing up, Jesus struggled with his education.  His mother explains that every year or two from Junior High School through High School she would move him to a different school in the hopes of finding a school where he could be successful.  To his mother's observations and counsel's observations it appears likely that Mr. Guzman suffers from an average level learning disability that has not been diagnosed.  In addition to struggling with his class work, he also struggled with his relationships with classmates.  This led to him ending school with a 1.7 GPA.

For undersigned counsel this case is a bit unusual and different from other cases that counsel has handled involving the charges of making material false representations in the purchase of a firearm. It is typically customary in these cases that the true purchaser who had contracted a straw buyer is either not a United States Citizen or is purchasing the firearms at the bequest of an organization in Mexico that wants the weapons to support illegal criminal activity. However, in this case, Jesus Guzman was the true purchaser of firearms, he is a United States Citizen; but he was not purchasing the guns at the bequest of a criminal enterprise in Mexico. Rather, Jesus had several issues that co-mingled in his brain to bring about these charges. First, he loved firearms and everything about them but for some reason thought that he could only legally purchase three firearms himself. Secondly, he was not funded by a criminal enterprise and had limited funds to purchase firearms, firearm accessories, and ammunition; this meant that he would have to sell any firearms that he didn't absolutely love in order to get funds to buy different firearms. Third, he was drinking alcohol and smoking marijuana and had access to people that could sell him 100 fentanyl pills at a time. Because he knew a co-defendant on this case who was also a United States Citizen and a fentanyl user, he decided that he could offer this person fentanyl pills in exchange for buying the firearms for him.

The whole thing turned into an absolute mess with Jesus buying pills and trading them for the services of a straw buyer, then using the gun(s) for a couple weeks, then selling the guns(s) through Facebook to get money to buy different guns. Then repeating the cycle.

By cross-referencing the chart of firearms purchased in paragraph 6 of the PSR with the paragraphs 7—14 which document which specific firearms Jesus had Castrillo purchase for him, it clearly shows that every gun that Jesus bought was completely unique. While many of them were pistols manufactured by Glock, they each required a different caliber of ammunition or had a different frame and barrel length. The same is true of any other guns that Jesus purchased. This fact demonstrates that he was actually buying different guns to experiment with them to find which ones he preferred. However, everything about the way he obtained them was terrible. Even his means of selling them, while not illegal, is not the preferred means of private buyers and sellers to exchange firearms—it probably also violated internal policies of Facebook.

Jesus Guzman clearly violated the laws of the United States in more than one way and has been punished for his actions. He will likely be a prohibited possessor for the rest of his life as a result of this felony conviction. He has also spent 10 months of his life incarcerated and away from his family which has been absolutely traumatic to him and at times he seems completely exhausted by what

he has gone through.  His criminal record will not only impact his constitutional right to bear arms, it will be a permanent reminder to him of the need to live a better life every time he applies for a job and is questioned about the conviction or does not get a job because of the conviction.  He is still a very young man and will carry this with him for the remainder of his life.

Fortunately for Jesus his parents love him, they understand that he has struggled physically and emotionally from the time he was a young child.  They care enough to be willing to support him and help him find employment.  They will support him with any substance abuse treatment he undertakes.  They hope that he can find a better circle of friends who are supportive of him being a better person and that he stays away from anyone that is using drugs.

## No Objections to the Presentence Investigative Report

Counsel and Mr. Guzman have reviewed the Presentence Investigative Report and do not make any objections and do not request and corrections.

**II.    Sentencing Recommendation**

At this point, Mr. Guzman desires to make changes in his life and make better choices for himself.  Based on communications with the Assistant United States Attorney, it is anticipated the Government will also be making a recommendation for a time served sentence with three years of supervised release.

Jesus's life has been full of trials. But he has always had the support of his family. If he leans into them for guideance, he can have a good future.

As the Court knows, the goal of sentencing is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553 which states:

18 U.S.C. § 3553. Imposition of a sentence

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)        the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

We submit that a sentence of time served, followed by 3 years of supervised release is a sentence that is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553. Such a sentence would avoid unwarranted

disparities in sentences of similarly situated defendants who have been sentenced in these sort of cases where the firearms purchased were mostly pistols.

The saddest thing in Mr. Guzman's case is that he could have saved himself money spent on purchasing fentanyl pills for a straw buyer and just bought the guns himself.  If he didn't love the gun or wanted to try something different he could have sold it and used the money to purchase a different gun.  There was no reason that he needed to involve a straw buyer to accomplish his goals.  In fact, he could have saved a lot of money and trouble by just going to a gun range that rents firearms to use at the range and experimented with all these same firearms until he decided on which ones he wanted to purchase.  Instead, he will now suffer long lasting repurcussions for his terrible choices.

In sentencing Jesus Guzman, the Court should also consider: (A) his young age, (B) the physical and developmental issues he struggled with throughout his life, (C) he has accepted responsibility before the Court, (D) and that he has a strong support structure to help get him onto the right path.

**III.    Conclusion**

Given the circumstances in this case Mr. Guzman humbly requests the court impose a sentence of time served, followed by 3 years of Supervised Release.

RESPECTFULLY SUBMITTED this 9th Day of May, 2025.

ARMOUR LEGAL, L.L.C.

/s/ *Matthew W. Bartz*
Attorney for Defendan

I hereby certify that on May 9, 2025:

I electronically transmitted the attached
document to the Clerk's Office using the
CM/ECF system for filing and transmittal
of a Notice of Electronic Filing to the following
CM/ECT registrants:

Honorable Susan M. Brnovich and
Patrick Chapman, Assistant U.S. Attorney

Courtesy copy of draft order e-mailed to:

Honorable Susan M. Bronovich
Brnovich_chambers@azd.uscourts.gov

Patrick Chapman, Assistant U.S. Attorney
Patrick.Chapman@usdoj.gov

Jazmaine Ross, U.S. Probation Officer
Jazmaine_Ross@azd.uscourts.gov

By: */s/Matthew W. Bartz*